## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| NATALIE URSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17-1482 |
| v. | ) |
| | ) |
| BRADLEY UNIVERSITY, LAURA WALLENFANG, both Individually and as Agent of Bradley University, DR. CINDY BRUBAKER, both Individually and as Agent of Bradley University, DR. PEGGY FLANNIGAN, both Individually and as Agent of Bradley University, DR. JOAN SATTLER, both Individually and as Agent of Bradley University, DR. KARA WOLFE, both Individually and as Agent of Bradley University, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is now before the Court on the Defendants' Bradley University ("Bradley"), Laura Wallenfang ("Wallanfang"), Dr. Cindy Brubaker (Brubaker"), Dr. Peggy Flannigan ("Flannigan"), Dr. Joan Sattler ("Sattler"), and Dr. Kara Wolfe ("Wolfe') (collectively "Defendants") combined Motion to Dismiss for Failure to State a Claim and Motion for Lack of Jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 21). For reasons stated herein, the Motion to Dismiss is GRANTED.

## BACKGROUND[1]

Plaintiff was a student in Bradley's nursing program. She was enrolled in Nursing 317, a nursing practicum taught by Wallenfang. After failing the practicum she was expelled from the

---

[1] All of the factual background is provided as the Plaintiff alleges in ECF No. 19.

1

nursing program. She challenged her dismissal through the grievance process but the decision was affirmed by the Student Grievance Committee and the Provost.

On February 5, 2018, Plaintiff, Natalie Urso ("Plantiff") filed an amended complaint against Defendants. (ECF No. 19). Count I is to recover for violations of 42 U.S.C. § 1983 and Count II claims that Bradley University breached the contract they signed with Plaintiff. *Id.* Defendants filed a Motion to Dismiss for Failure to State a Claim and for the Court to Decline Jurisdiction. (ECF No. 21). On March 1, 2018, Plaintiff filed a response in opposition. (ECF No. 22). This matter is fully briefed, and this Order follows.

## **STANDARD OF REVIEW**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Statements in the complaint must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012). This means that (1) "the complaint must describe the claim in sufficient detail to give the

2

defendant 'fair notice of what the … claim is and the grounds upon which it rests'" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

When evaluating a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the Court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 554-55).

## **DISCUSSION**

COUNT I

Plaintiff alleges that the conduct surrounding her expulsion from the Bradley Nursing Program violated her Due Process rights and she is entitled relief under § 1983. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory." 42 U.S.C. § 1983. To establish a claim under Section 1983, the Plaintiff must allege (i) that the defendant has deprived plaintiff of a federal right and (ii) the defendant acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In considering whether a claim can be brought under § 1983, the important question to be answered is, "is the alleged infringement of federal rights "fairly attributable to the State?" *Lugarv. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

The main issue raised by the motion to dismiss is not whether the Plaintiff was deprived of a federal right but instead whether the actions by the Defendants can be considered state action. To act 'under color of state law,' demands that the defendant has exerted power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins,* 487 U.S. 42, 49 (U.S. 1988) *citing United States v. Classic*, 313 U.S. 299, 326, (1941).

There is no dispute that Bradley is a private, not-for-profit corporation. (ECF No. 21 at 2; ECF No. 22 at 4). However, Plaintiff claims that "Bradley's nursing program has become so permeated with government character that its actions are indeed the actions of the State of Illinois…" and is therefore, "subject to constitutional limitations places on state actions." (ECF No. 19 at 3).

The U.S. Supreme Court has given guidance to help wade through the complicated waters of deciding when a private entity should be considered acting under color of state law. These tests can be categorized as (i) the symbiotic relationship test; (ii) the state command and encouragement test; (iii) the joint participation doctrine and (iv) the public function test. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 823 (2009). All of these test require that the court must sift through facts and weigh all circumstances to determine whether there is state action. *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961).

Plaintiff first argues that Bradley should be considered a state actor because it receives funding from the State of Illinois. (ECF No. 19 at 2 "receives state funding for educational purposes in its nursing program…"); (ECF No. 19 at 3 "receives research awards from major federal agencies"). The Seventh Circuit has been clear that receiving government funds does not make the decisions of the private school decisions of the state. *Rendell-Baker v. Kohn*, 457 U.S.

830 (1982). Furthermore, the Seventh Circuit has compared private schools to public contractors whose acts "do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Id.* at 841. The Plaintiff plainly states that the relationship between Bradley and the state is one of a government contractor. (ECF No. 19 at 3 "Bradley is also subject to the federal acquisition regulations which are the primary regulations used by federal sponsors to govern contracts for supplies and services including research services.").

In this case, these same reasons also support the idea that there is not a symbiotic relationship with the university and the state. *See Rednell-Baker. Id.* at 843 ("Here the school's fiscal relationship with the State is not different from that of many contractors performing services for the government.) Bradley should be treated like the private high school the Seventh Circuit found not to be state actor. *See id.* Therefore, a government contractor and its actions not be considered actions of the state because of funding it receives.

Plaintiff also claims that Bradley's "nursing program is regulated by the State of Illinois." (ECF No. 19 at 3.) More specifically, she mentions Bradley is "subject to the federal acquisition regulations…," and that "the Illinois Department of Financial and Professional Regulation monitors the curriculum and graduation of students…" Courts have concluded that "the mere existence of detailed regulation of a private entity does not make every act, or even every regulated act, of the private firm, the action of the State." *Cohen v. Illinois Inst. of Tech.,* 524 F.2d 818, 826 (7th Cir. 1975); *see also Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 176-177 (1972); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974). The Seventh Circuit has ruled that a private action can be considered state action when the regulations imposed on the entity are "extensive" and the state is indirectly involved in the decision making process. Furthermore, it has ruled that

5

in circumstances where the regulators have "relatively little interest" in the decisions that that decision does not become state action. Plaintiff has makes no claim that the decision to expel the Plaintiff was compelled, influenced, encouraged or approved by the state and provides no examples of university polices. *See Rendell-Baker*, 457 U.S. at 841; *Cohen v. Illinois Inst. of Tech.*, 524 F.2d 818, 826 (7th Cir. 1975).

Plaintiff also states that the "Illinois Board of Higher Education (hereafter referred to as "IBHE") is responsible for granting Bradley authority to operate and authority to grant degrees…" Courts have rejected such arguments because an entity is licensed by the state that it acts as a state actor because every corporation is chartered by a state. *Cohen v. Illinois Inst. of Tech.,* 524 F.2d 818, 824 (7th Cir. 1975). Even those entities with more regulations, such as a bar operating with a liquor license will not be held as state actions because of the regulations alone. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972). Bradley is not acting as a state actor simply because it has the license to provide its services to the public.

Finally, Plaintiff claims that Bradley "performs functions governmental in nature such as providing higher education to and exercising substantial dominion over its students." (ECF No. 19 at 2). Stately simply, the Seventh Circuit has found that "[t]hat a private entity performs a function which serves the public does not make its acts state action." *Rendell-Baker*, 457 U.S. at 842. The U.S. Supreme Court held that the question to be considered in considering government function is "whether the function performed has been 'traditionally the exclusive prerogative of the State.'" *Id. citing Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). In the specific instance of secondary and collegiate education, the Ninth Circuit has found that it "never has been, exclusively maintained by the state." *Rendell-Baker*, 457 U.S. at 842.

6

Plaintiff's allegations do not adequately show that the actions taken by Bradley should be considered by state action. As such, Plaintiff is unable to state a claim for which relief is sought under 42 U.S.C. § 1983.

COUNT II

District courts have supplemental jurisdiction to state law claims if they are "so related to [the federal] claims ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The statute codifies the principle that "the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164–65 (1997). It is "well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). *Groce* also provides for exceptions to the rule including: if refiling is barred by the statute of limitations, there have been substantial judicial resources and if it is clear how the state claim should be decided. All of the actions complained of took place in 2017, and the case is still in its beginning stages. The Court finds no compelling reason it should continue to oversee this case. Therefore, the state supplemental claims should be dismissed without prejudice.

## **CONCLUSION**

For reasons stated herein, Defendants' Motion to Dismiss is GRANTED.

    Count I is DISMISSED WITH PREJUDICE.

    Count II the Court DECLINES JURISDICTION.

    The Clerk of the Court is directed to close the case.

Entered this day 29th of March, 2018.

                                              /s/ Michael M. Mihm

                                              Michael M. Mihm

                                              U.S. District Court Judge